Ronald H. Bae (SBN 186826)
rbae@aequitaslegalgroup.com
Olivia D. Scharrer (SBN 291470)
oscharrer@aequitaslegalgroup.com
AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 2000
Pasadena, California 91106
Telephone:    (213) 674-6080
Facsimile:    (213) 674-6081

Attorneys for Plaintiff GUILLERMINA CISNEROS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMINA CISNEROS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GCA SERVICES GROUP, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case Number:**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of 15 U.S.C. § 1681b(b)(2)(A) (Failure to Comply with Fair Credit Reporting Act);<br><br>(2) Violation of California Civil Code § 1785, *et seq*. (Failure to Comply with Consumer Credit Reporting Agencies Act); and<br><br>(3) Violation of California Civil Code § 1786, *et seq*. (Failure to Comply with Investigative Consumer Reporting Agencies Act)<br><br>**Jury Trial Demanded** |

Plaintiff GUILLERMINA CISNEROS ("Plaintiff"), individually and on behalf of all other members of the general public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This class action is predicated on violations of the Fair Credit Reporting Act as well as California state laws, concerning the procurement of consumer reports and/or investigative consumer reports (hereinafter collectively "background reports") by Defendant GCA SERVICES GROUP, INC. ("Defendant"), in the course of conducting background screening checks of its prospective and other employees.

2. To conduct credit and background screening checks of prospective and other employees, Defendant routinely obtains background reports as part of the hiring and evaluation process, and uses the information contained in such background reports to make various type of employment-related decisions.

3. In procuring these background reports as part of its employment practices, however, Defendant failed to comply with federal and California statutes that mandate very specific and particular disclosures and conditions prior to obtaining and using background reports for employment purposes.

4. Accordingly, Plaintiff, individually and on behalf of all other members of the general public similarly situated, seeks compensatory and punitive damages based on Defendant's willful and systematic violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code §§ 1786, *et seq*., and Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code §§ 1785, *et seq*.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1681p based on the alleged violations of Plaintiff's federal statutory rights afforded under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

6. This Court has supplemental jurisdiction over Plaintiff's California state claims under 28 U.S.C. §1367 on the ground that the state claims are so related to FCRA claims that they

1  form part of the same case or controversy under Article III of the United States Constitution.

2      7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because Defendant
3  is subject to personal jurisdiction in this district, maintains offices in this district, and relevant
4  events giving rise to this action occurred in this district.

## THE PARTIES

6      8.    Plaintiff GUILLERMINA CISNEROS is an individual over the age of eighteen
7  years and is a resident of Santa Clara County of the State of California.

8      9.    Defendant GCA SERVICES GROUP, INC. was and is, upon information and
9  belief, a Delaware corporation, and at all times relevant herein, conducted and continues to
10 conduct business throughout the State of California and in various other states of the United
11 States.

12     10.    Plaintiff is unaware of the true names or capacities of defendants sued herein under
13 the fictitious names DOES 1 through 10, but prays for leave to amend and serve such fictitiously
14 named defendants once their names and capacities become known.

15     11.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are
16 the partners, agents, owners, shareholders, managers or employees of Defendant and were acting
17 on behalf of Defendant at all relevant times.

18     12.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts
19 and omissions alleged herein were performed by, or are attributable to Defendant and DOES 1
20 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority
21 to act on the other's behalf. The acts of any and all Defendants were in accordance with, and
22 represent the official policy of Defendants.

23     13.    At all relevant times herein mentioned, Defendants, and each of them, ratified each
24 and every act or omission complained of herein. At all times herein mentioned, Defendants, and
25 each of them, aided and abetted the acts and omissions of each and all the other Defendants in
26 proximately causing the damages herein alleged.

27     14.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants
28 is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

16. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action.

17. The proposed class consists of and is defined as:

    a. <u>FCRA Class</u>:

    All individuals residing in the United States whose background report was procured by Defendants for employment purposes within five years prior to the filing of this complaint until the date of trial.

    b. <u>CCRAA Subclass</u>:

    All individuals residing in California whose background report was procured by Defendants for employment purposes within seven years prior to the filing of this complaint until the date of trial.

    c. <u>ICRAA Subclass</u>:

    All individuals residing in California whose background report was procured by Defendants for employment purposes within the longest applicable statute of limitations.

18. Plaintiff reserves the right to amend or establish sub-classes as appropriate.

19. There is a well-defined community of interest in the litigation and the class is readily ascertainable:

    a. <u>Numerosity</u>: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time, however, the class is sufficiently numerous and the identity of such membership is readily ascertainable by inspection of Defendants'

employment records.

b. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the proposed class with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all similarly situated individuals as demonstrated herein.

c. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff's counsel has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur harm and damages and Defendants' misconduct will continue without remedy. Class

treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

20. There are common questions of law and fact as to the class and each subclass that predominate over questions affecting only individual members, including but not limited to:

    a. Whether Defendants provided a clear and conspicuous disclosure in writing before a background report was procured;

    b. Whether Defendants provided a disclosure that consists solely of the disclosure before a background report was procured;

    c. Whether Defendants' disclosure inserted at the end of Defendants' standard application form complies with 15 U.S.C. § 1681, *et seq.*;

    d. Whether Defendants' disclosure form that contains a liability waiver complies with 15 U.S.C. § 1681, *et seq.*;

    e. Whether Defendants' disclosure form that contains other state law disclosures complies with 15 U.S.C. § 1681, *et seq.*;

    f. Whether Defendants' failure to identify the specific basis under Labor Code § 1024.5 in the notice violated Section 1785.20(a) of the CCRAA;

    g. Whether Defendants' failure to inform the source of the report violated Section 1785.20(a) of the CCRAA;

    h. Whether Defendants' failure to provide a more conspicuous box to check off the receive a copy of the consumer credit report violated Section 1785.20(a) of the CCRAA;

    i. Whether Defendants' failures to comply with the FCRA, CCRAA, and ICRAA were willful; and

    j. The appropriate amount of statutory damages resulting from Defendants' violations of federal and California state law.

///

# GENERAL ALLEGATIONS

21. On or about May 22, 2017, Plaintiff applied for employment with Defendants.

22. As part of the application process, Plaintiff was required to fill out Defendants' standard application form in Spanish entitled "Solicitud De Empleo for Horas – Multiestatal" (which purportedly translates to "Hourly Employment Application – Multistate" based on Defendants' English version of the same application) (hereinafter "Hourly Employment Application").

23. The Hourly Employment Application is a two-page document that asks for information such as: contact information, education, employment history and references. At the bottom of the second page, there is a section entitled "Declaracion del Solicitante" (which purportedly translates to "Applicant's Statement" based on Defendants' English version of the same application) under which there are three paragraphs. The second paragraph is the following statement:

> "Entiendo que el empleador podrá investigar a fondo y verificar todos los datos que figuran en esta solicitud. Entiendo que GCA puede llevar a cabo una verifcación de antecedents penales y una prueba de drogas. Autorizo a toda las personas nombradas en el mismo, a excepción de mi empleador actual, si asi se ha señalado, para proporcionar la información solicitada acerca de mi , y los libero de toda responsabilidad por daños en el suministro de esta información."

Defendants' English version of the application translates the above excerpt in English as follows:

> "I understand that the employer may thoroughly investigate and verify all data given on this application. I understand that GCA may conduct a criminal background check and require me to take a drug test. I authorize all individuals named herein, except my current employer if so noted, to provide any information requested about me, and <u>I release them from all liability</u> for damage in providing this information." (underline added)

24. Defendants' Hourly Employment Application is being used not only for purposes of gathering certain basic information about the job applicants but it is also being used as a

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1  disclosure stating: (1) that Defendants may investigate and verify all data given on the application;
2  (2) that GCA may conduct a criminal background check; and (3) that a drug test may be required.

3      25.    In addition, Defendants' Hourly Employment Application is also being used as a
4  liability waiver, i.e., that the applicant releases certain individuals from all liability for damage in
5  providing certain information about the applicant.

6      26.    Because the purported disclosure is embedded within an employment application
7  and surrounded by extraneous information, and is not a clear and unambiguous disclosure in a
8  stand-alone document that consists solely of the disclosure, it violates FCRA, 15 U.S.C. §
9  1681b(b)(2)(A). Indeed, with respect to liability waivers, the Ninth Circuit has expressly held
10 that inclusion of any such liability waiver is a violation of FCRA, 15 U.S.C. § 1681b(b)(2)(A).
11 *Syed v. M-I, LLC*, 853 F.3d 492, 500 (9th Cir. 2017).

12     27.    The third paragraph in the section entitled "Applicant's Statement" of
13 Defendants' Hourly Employment Application – Multistate is the following statement:

> "Si soy contratado por GCA , autorizo GCA o sus representantes ,
> por la duración de mi empleo , para proporcionar los resultados de
> cualquier revisión de antecedents o " Consumer Report " obtenida
> bajo el Fair Credit Reporting Act ( FCRA ) examen de drogas, o
> información de examen de drogas o Forma I-9 (Verification de
> Eligibilidad de Emploeo) a cualquier entidad tercera parte
> solicitando dicha información para quienes GCA está
> proporcionando servicios en donde soy empleado."

Defendants' English version of the applications translates the above excerpt in English as follows:

> "If I am hired by GCA, I authorize GCA or its representatives, for
> the duration of my employment, to provide the results of any
> background check or "Consumer Report" obtained under the Fair
> Credit Reporting Act (FCRA) to any third party entity requesting
> such information for whom GCA is providing services where I am
> employed."

    28.    The above additional language regarding another purported authorization that the
job applicant authorizes Defendants to provide the results of background check or information
from a consumer report to "any third party" is extraneous and detracts from the fact that

-8-
**CLASS ACTION COMPLAINT**

Defendants are procuring the background report from the job applicant, not what Defendants intend to do with the information in the background report.

29. In addition to the Hourly Employment Application - Multistate, Defendants provide all job applicants an entirely separate document which is also two-pages long entitled "AUTORIZACIÓN PARA OBTENER INFORMES DEL CONSUMIDOR" which translates in English to: Authorization to Obtain Consumer Reports.

30. In this two-page document entitled Authorization to Obtain Consumer Reports, there is another liability waiver as well as state-specific disclosures of the state of California, Minnesota, New Jersey, New York, Oregon and Washington.  With respect to state-specific disclosures of other states not applicable to the job applicant, the Ninth Circuit has expressly held that inclusion of any such disclosure containing extraneous information in the form of various state disclosure requirements is a violation of FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i).  *Gilberg v. California Check Cashing Stores, LLC*, 2019 WL 347027 (9th Cir. January 29, 2019).

## FIRST CAUSE OF ACTION

**Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681b(b)(2)(A)**

**(As to the FCRA Class against All Defendants)**

31. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 30.

32. Defendants are a "person" as defined by § 1681a(b) of the FCRA.

33. Plaintiff and class members are "consumers" within the meaning § 1681a(c) of the FCRA because they are "individuals."

34. A "consumer report" is defined in 15 U.S.C. § 1681a(d)(1) of the FCRA as follows:

(d) Consumer report

(1) In general

The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of

living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--

 (A) credit or insurance to be used primarily for personal, family, or household purposes;
 (B) employment purposes; or
 (C) any other purpose authorized under section 1681b of this title.

35. Section 1681b(b)(2)(A) of the FCRA provides as follows:

 (b) Conditions for furnishing and using consumer reports for employment purposes

[]

 (2) Disclosure to consumer

 (A) In general

Except as provided in subparagraph (B), <u>a person may not procure a consumer report</u>, or cause a consumer report to be procured, <u>for employment purposes with respect to any consumer, unless</u>—

 (i) a <u>clear and conspicuous</u> disclosure has been made in writing to the consumer at any time <u>before</u> the report is procured or caused to be procured, in a document that <u>consists solely of the disclosure</u>, that a consumer report may be obtained for employment purposes; and

 (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.
(underline added)

36. Defendants violated § 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and class members with a clear and conspicuous written disclosure, before a consumer report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

37. Based on information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees before

procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1681b(b)(2)(A) of the FCRA.

38. Based on information and belief, Plaintiff alleges that Defendants' conduct in violation of § 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large companies with access to legal advice through its own general counsel's office and outside employment counsel.

(b) The consumer reporting agency that provided Plaintiff's consumer report information to Defendants, General Information Services, Inc., has recently merged with HireRight, one of the largest and most sophisticated background check providers. HireRight has published an information packet titled "Fair Credit Reporting Act (FCRA) Basics," which states: "The disclosure and authorization must be a standalone document that must not be part of an employment application or any other pre-employment document."

(c) Defendants were aware that the required disclosure must be set forth in a stand-alone document, as evidenced by the separate authorization form provided to Plaintiff.

(d) The plain language of the statute unambiguously indicates that inclusion of extraneous or unclear information in a disclosure form violates the disclosure requirements.

(e) The existence of several Federal Trade Commission's opinion letters and a report that predate Defendant's conduct, namely: (1) a 1998 opinion letter that unequivocally explained that "Section 604(b)(2)(A) requires consumer

report users . . . to make a written disclosure . . . . 'in a document that consist solely of the disclosure'"; (2) another 1998 opinion letter stating that the "disclosure may not be part of an employment application" and the "reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side with the disclosure.  A disclosure that is combined with many items in an employment application -- no matter how 'prominently' it appears -- is not "in a document that consists solely of the disclosure" as required by Section 604(b)(2)(A); and (3) a July 2011 report by FTC further explaining that the disclosure must be "in a document that consists solely of the disclosure" and "may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

39. As a result of Defendants' unlawful procurement of consumer reports by way of its inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

40. Plaintiff, on behalf of herself and the FCRA Class, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

41. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION

**Violation of California Civil Code § 1785, *et seq.***

**(As to the CCRAA Class against All Defendants)**

42. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43. Defendants are a "person" as defined by California Civil Code § 1785.3(j).

44.     Plaintiff and class members are a "consumer" within the meaning of California Civil Code § 1785.3(b) because they are natural individuals.

45.     Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

46.     Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

47.     Section 1785.20.5(a) of the CCRAA provides, in relevant part, as follows:

> "Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and shall identify the <u>specific basis</u> under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the <u>source of the report</u>, and shall contain a <u>box that the person may check off</u> to receive a copy of the credit report." (underline added)

48.     At all relevant times herein, Defendants violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and class members because they failed to provide written notice to Plaintiff and class members that references a specific basis for the report under California Labor Code § 1024.5.

49.     At all relevant times herein, Defendants violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and class members because they did not inform Plaintiff and class members of the source of the report. The first reference to General Information Services, Inc. only mentions that information and data may be provided to that agency or "any other consumer reporting agency." The second reference to General Information Services, Inc. only provides the particular web address where General Information Services, Inc.'s information regarding privacy policies and practices can be found.

50. At all relevant times herein, Defendants violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and class members because while Defendants' authorization form includes a checkbox relating to obtaining a copy of the report, the checkbox is not only very small and is placed at the end of the text (as opposed to at the beginning of the text, which is much more common), but it is also part of a matrix consisting of five other state law disclosures making it more confusing due to the presence of extraneous information.

51. Based on the foregoing, Defendants willfully violated and continue to violate the CCRAA as to Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are large companies with access to legal advice through its own general counsel's office and outside employment counsel.

(b) The consumer reporting agency that provided Plaintiff's consumer report information to Defendants, General Information Services, Inc., has recently merged with HireRight, one of the largest and most sophisticated background check providers. Defendants had full access to, and could and should have utilized HireRight's expertise and knowledge to fully comply with the requirements of CCRAA but did not.

(c) Defendants were aware that the required disclosure must be set forth in a stand-alone document, as evidenced by the separate authorization form provided to Plaintiff.

(d) The plain language of Section 1785.20.5(a) of the CCRAA unambiguously states that the notice shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report, and that the notice shall also inform the person of the source of the report, and shall contain a box that the person may check off to receive a copy of the credit report.

52. As a result of Defendants' willful conduct as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA, among other injuries.

53. Plaintiff, on behalf of herself and the CCRAA subclass, seeks all available remedies pursuant to California Civil Code § 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

54. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy under California Civil Code § 1785.31.

### THIRD CAUSE OF ACTION

### Violation of California Civil Code § 1786, *et seq*.

### (As to the ICRAA Class against All Defendants)

55. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 54.

56. Defendants are a "person" as defined by California Civil Code § 1786.2(a).

57. Plaintiff and class members are a "consumer" within the meaning California Civil Code § 1786.2(b) because they are natural individuals who have made application to a person for employment purposes.

58. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as follows:

> "The term 'investigative consumer report' means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained <u>through any means</u>. The term does not include a consumer report or other compilation of information that is limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer." (underline added)

59. Section 1786.16(a)(2)(B) of the ICRAA provides, in relevant part, as follows:

> (B) The person procuring or causing the report to be made provides a <u>clear and conspicuous disclosure</u> in writing to the consumer at any time before the report is procured or caused to be made <u>in a document that consists solely of the disclosure</u>, that:

[]
    (iv) Identifies the <u>name, address, and telephone number of the investigative consumer reporting agency</u> conducting the investigation.
(underline added)

60. Defendants violated Section 1786.16(a)(2)(B) of the ICRAA by failing to provide Plaintiff and class members with a clear and conspicuous written disclosure, before an investigative consumer report is procured or caused to be procured, that an investigative consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

61. Based on information and belief, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees before procuring investigative consumer reports or causing investigative consumer reports to be procured. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members without first providing a written disclosure in compliance with Section 1786.16(a)(2)(B) of the ICRAA.

62. Defendants also violated Section 1786.16(a)(2)(B)(iv) of the ICRAA by failing to provide Plaintiff and Class Members with the name, address and telephone number of the investigative consumer reporting agency, as required by law. Instead, the authorization form provided to Plaintiff simply states that information and data may be provided to General Information Services, Inc. or to *any* other consumer reporting agency, meaning that any other agency may also be conducting the check. The second reference to the investigative consumer reporting agency is only the web address where the privacy policies and practices of General Information Services, Inc. can be found. The address and telephone number of the investigative consumer reporting agency are not provided in the disclosure.

63. Based on the foregoing and on information and belief, Plaintiff alleges that Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the ICRAA was and is willful or at a minimum grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.

1  Defendants' willful or grossly negligent conduct is reflected by, among other things, the following
2  facts:
3      (a)  Defendants are large companies with access to legal advice through its own
4           general counsel's office and outside employment counsel.
5      (b)  The investigative consumer reporting agency that provided Plaintiff's
6           information to Defendants, General Information Services, Inc., has recently
7           merged with HireRight, one of the largest and most sophisticated
8           background check providers.  HireRight has published an information
9           packet titled "Fair Credit Reporting Act (FCRA) Basics," which states:
10          "The disclosure and authorization must be a standalone document that must
11          not be part of an employment application or any other pre-employment
12          document."  Given that the requirements of Section 1786.16(a)(2)(B) of the
13          ICRAA are virtually identical to FCRA, Defendants should have been
14          aware of the requirements under ICRAA.
15     (c)  Defendants were aware that the required disclosure must be set forth in a
16          stand-alone document, as evidenced by the separate authorization form
17          provided to Plaintiff.
18     (d)  The plain language of the statute unambiguously indicates that inclusion of
19          extraneous or unclear information in a disclosure form violates the
20          disclosure requirements.

21   64.  As a result of Defendants' willful or grossly negligent failure to provide a
22  compliant disclosure as set forth above, Plaintiff and Class Members have been injured including,
23  but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA,
24  among other injuries.

25   65.  Plaintiff, on behalf of herself and the ICRAA Subclass Members, seeks all
26  available remedies pursuant to California Civil Code § 1786.50 including actual damages, punitive
27  damages, injunctive and equitable relief, and attorneys' fees and costs.
28  / / /

**CLASS ACTION COMPLAINT**

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

(a) An order certifying the proposed class and subclasses, designating Plaintiff as the named class representative, and designating the undersigned as Class Counsel;

(b) An award of statutory, compensatory, and punitive damages according to proof against all Defendants;

(c) An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA, ICRAA, and CCRAA;

(d) An award of pre-judgment and post-judgment interest, as provided by law;

(e) An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code, §§ 1786.50 and 1785.31(a); and

(f) Such other relief that the Court deems appropriate.

Dated: March 12, 2019                    AEQUITAS LEGAL GROUP

                                         /s/  *Ronald H. Bae*
                                         By: _____
                                             RONALD H. BAE
                                             OLIVIA D. SCHARRER
                                         Attorneys for Plaintiff GUILLERMINA CISNEROS